UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MATTHEW LINSKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. |
| v. | ) | |
| | ) | |
| ROADPLATE GROUP, LLC, | ) | |
| and GARY J. DONOVAN, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

### INTRODUCTION

1. Plaintiff Matthew Linskey brings this wage case due to the defendants' failure to pay overtime at time and a half for all hours worked over 40 in a given work week as required under the Federal Fair Labor Standards Act and the Massachusetts Overtime Wage Act. The plaintiff brings claims for violations of a) 29 U.S.C. § 207(a)(1), b) Chapter 151 § 1A and 1B and c) Chapter 149 § 148.

### THE PARTIES

2. Plaintiff Matthew Linskey is a resident of Norfolk County who was formally employed by the defendants.

3. Defendant Roadplate Group, LLC ("Roadplate Group") is a Massachusetts business located in Walpole, MA that rents and sells metal road plates for use in construction and road work.

4.      Defendant Gary J. Donovan ("Donovan") is the owner of Roadplate Group. He is listed as a "Manager" of Roadplate Group in filings at the Massachusetts Secretary of State's Office, as well as the corporation's "Registered Agent."

## JURISDICTION AND VENUE

5.      The Court has federal question subject matter jurisdiction over the case as the plaintiff asserts a violation of the Fair Labor Standards Act. Personal jurisdiction over the defendants is also proper as the defendants' business is located in Norfolk County. The court also has jurisdiction over Donovan individually as he is subject to suit under the Massachusetts Wage Act as he manages the day-to-day operations of the business, sets its wage payment policies and practices and signs wage checks. Moreover, venue is also proper as the plaintiff resides in Norfolk County and the defendants' business is located in this Divsion.

## STATEMENT OF FACTS

6.      Roadplate Group holds itself out as a business which offers the largest rental inventory for steel road plates on the East Coast.

7.      The business is owned and controlled by defendant Donovan. Donovan hires and fires employees and sets their rates of pay.

8.      The plaintiff had been employed by Roadplate Group from August of 2018 until April 20, 2021 primarily as a yard worker, truck driver and yard foreman. He worked out of the defendants' Walpole facility.

9.      While employed by the defendants, the plaintiff was paid $25 an hour, $27.50 an hour and $30 per hour towards the end of his employment period.

10.     The plaintiff was paid on a weekly basis. The plaintiff regularly worked more than 40 hours in a given work week. He would often work as many as 5-10 hours of overtime.

11.     The defendants paid the plaintiff's overtime wage at straight time (i.e. his regular hourly rate, not time and a half) from a separate bank account than the payroll check he was issued for his first 40 hours of weekly work.   State and federal taxes were not deducted from his overtime wage checks.

12.     The defendants paid his overtime wages in this manner for the entire time that the plaintiff worked for the defendants.

13.     The defendants were fully aware that they did not pay the plaintiff and other employees time and a half for overtime.  The defendants expressly informed the plaintiff that it did not pay overtime at time and half and issued overtime checks on a bank account separate from the account from which payroll checks were issued for the first 40 hours of work.

14.     The defendants' failure to pay the plaintiff time and a half was a willful and intentional decision which they undertook to increase their revenue at the expense of the plaintiff.

15.     The plaintiff has satisfied the condition precedent of filing a complaint with the Attorney General's Office and receiving a "right to sue" letter dated June 25, 2021 to the extent it is found to apply to the Massachusetts overtime wage statute.[1]

## COUNT 1

### Violations of the FLSA Overtime Wage Provision
### (29 U.S.C. § 207(a)(1))

16.     Plaintiff incorporates the above paragraphs as if set forth herein.

17.     The plaintiff worked as an employee for the defendant and was paid on an hourly basis.

---

[1] "An employee claiming to be aggrieved by a violation of sections 33E, 52E, 148, 148A, 148B, 150C, 152, 152A or 159C or section 19 of chapter 151 may, 90 days after the filing of a complaint with the attorney general, or sooner if the attorney general assents in writing,. . ." ALM GL ch. 149, § 150.

18.     The plaintiff regularly worked more than 40 hours in a given work week.  The plaintiff, consistent with the defendants' requirements for reporting hours worked, submitted his hours each week to the defendants.

19.     The plaintiff regularly reported that he worked more than forty hours per week and the defendants regularly paid him for working more than 40 hours per week. However, the defendants paid the plaintiff his regular hourly pay for all hours worked, including work hours that were over 40 hours.

20.     The defendant failed to pay the plaintiff premium pay or time and a half for hours worked over 40 as required by federal and state law.

21.     Although the plaintiff is not yet in possession of all of his time sheets and payment records maintained by the defendant, the plaintiff typically worked as many as 5 to 10 overtime hours per week.

22.     Defendants informed the plaintiff that it was its policy and practice to only pay regular or straight time for overtime work hours.

23.     The defendants knew, based on a) their representations to employees that they did not pay premium pay for overtime hours, b) their conscious decision to pay overtime wages from a separate bank account and c) their knowing failure to deduct state and federal taxes from overtime pay, that they were violating the FLSA's overtime pay provision.

24.     Despite this knowledge, the defendant recklessly disregarded the overtime requirements under both federal and state law.

25.     The defendant's failure to pay premium pay for overtime hours was done willfully and intentionally with full knowledge of the requirements of federal and state law.  This willful and

intentional violation allows the plaintiff to claim unpaid premium wages for a period of three years under 29 U.S.C. § 255(a).

Wherefore, plaintiff requests that this Court enter an order and judgment against Defendants as follows:

a. Payment of monetary damages consistent with the FLSA;

b. Statutory liquidated damages, punitive damages and attorney's fees and costs where allowed by law;

c. Prejudgment and post-judgment interest on all monetary damages;

d. All other relief to which plaintiff is entitled to in law or in equity.

## COUNT 2

### Violations of the Massachusetts Overtime Wage Statutes

### (G.L. c. 151, §§ 1A, 1B)

26. Plaintiff incorporates the above paragraphs as if set forth herein.

27. The plaintiff worked as an employee for the defendant and was paid on an hourly basis.

28. The plaintiff regularly worked more than forty hours in a given work week. The plaintiff, consistent with the defendants' requirements for reporting hours worked, submitted his hours to the defendants on a weekly basis.

29. The defendant paid the plaintiff his regular or straight hourly pay for hours worked over 40 hours. The defendant failed to pay the plaintiff premium pay or time and a half for hours worked over 40 as required by federal and state law.

30. Although the plaintiff is not yet in possession of all of his time sheets and payment records maintained by the defendants, the plaintiff typically worked as many as 5 to 10 overtime hours per week.

Wherefore, plaintiff requests that this Court enter an order and judgment against Defendants as follows:

    a. Payment of monetary damages consistent with the Massachusetts Overtime Wage statute;

    b. Statutory treble damages, attorney's fees and costs;

    c. Prejudgment and post-judgment interest on all monetary damages;

    d. All other relief to which plaintiff is entitled to in law or in equity.

## COUNT 3

### Violations of the Wage Act Pay Slip Requirements

### (G.L. c. 149, § 148)

31. Plaintiff incorporates the above paragraphs as if set forth herein.

32. The plaintiff worked as an employee for the defendant and was paid on an hourly basis.

33. The plaintiff regularly worked more than forty hours in a given work week. The plaintiff, consistent with the defendants' requirements for reporting hours worked, submitted his hours to the defendants on a weekly basis.

34. The defendant paid the plaintiff his regular or straight hourly pay for hours worked over 40 hours. The defendant failed to pay the plaintiff premium pay or time and a half for hours worked over 40 as required by federal and state law.

35. Although the plaintiff is not yet in possession of all of his time sheets and payment records maintained by the defendants, the plaintiff typically worked as many as 5 to 10 overtime hours per week.

36. The checks issued for plaintiff's overtime work failed to comply with Chapter 149 section 148's requirement that a pay slip or check stub contain the number of hours worked, the hourly rate and the amounts of any deductions or increases made for the pay period.

37. The checks issued to plaintiff for overtime work did not list the rate of his hourly pay and oftentimes failed to list the number of hours worked or any increases made to pay for other reimbursements.

Wherefore, plaintiff requests that this Court enter an order and judgment against Defendants as follows:

a. Payment of monetary damages consistent with the Massachusetts Overtime Wage statute;

b. Mandating the defendants to properly disclose and account for each overtime check it issued to plaintiff in compliance with the requirements of Chapter 149 section 148;

c. Statutory treble damages, attorney's fees and costs;

d. Prejudgment and post-judgment interest on all monetary damages;

All other relief to which plaintiff is entitled to in law or in equity.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims.

On behalf of the Plaintiff,

*/s/ Carlin J. Phillips*

_____
Carlin Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
PHILLIPS & GARCIA, P.C.
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (fax)
cphillips@phillipsgarcia.com
agarcia@phillipsgarcia.com

7